UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Sepia Vonnetta Blackstock, | ) | C/A No. 4:17-cv-02079-RBH-KDW |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Sylvia L. Rucker, | ) | |
| Defendant. | ) | |

This is a civil action filed by a pro se litigant requesting to proceed *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court.

I.  Factual Background

Sepia Vonnetta Blackstock ("Plaintiff"), a resident of Hartsville, South Carolina, alleges that Defendant Sylvia L. Rucker, a mental-health provider in Miami Gardens, Florida violated her First Amendment rights "to not be subjected to falsehoods that impugn [her] character" in 2008 by untruthfully completing portions of two Social Security forms in connection with Plaintiff's application for disability benefits. Compl. 5-6, ECF No. 1. Plaintiff alleges that she is experiencing "pain and suffering, emotional distress, mental anguish, and hurt feelings." *Id.* at 6. She seeks $76,000.00 in damages. *Id*.

II.  Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-

25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Even under this less stringent standard, however, the pro se Complaint under review in this case is subject to summary dismissal.

III. Discussion

To the extent that Plaintiff asserts a First-Amendment violation, her Complaint should be summarily dismissed because there are no allegations from which it may be inferred that

Defendant is a state actor. To state a plausible claim for damages for a constitutional violation under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *Id.*; *see Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). There are no allegations from which it may be determined that Defendant Rucker acted under color of state law in connection with her completion of the Social Security forms. As a result, Plaintiff's Complaint fails to state a viable § 1983 claim against Defendant. *See Bates v. Northwestern Human Servs., Inc.*, 583 F. Supp. 2d 138, 145 (D.D.C. 2008) (mental-health providers who were certified by D.C. Department of Mental Health did not become state actors); *Wiley v. Vachhani*, No. H-13-3712, 2014 WL 1681610, at *1 (S.D. Tex. Apr. 28, 2014) (physician who contracted with the Social Security Administration to examine disability applicant and report findings is not a state actor), *aff'd*, 592 F. App'x 306 (5th Cir. 2015).Based on information provided by Plaintiff, it appears that Defendant is a private individual who performed certain duties relating to a Social Security disability claim. Private citizens ordinarily may not be sued pursuant to § 1983. *See McElrath v. S.C. Dep't of Corrs.*, No. 5:13-317-MGL-KDW, 2013 WL 1874739, at * 2 (March 25, 2013), *report and recommendation adopted*, 2013 WL 1874852 (D.S.C. May 3, 2013). Thus, Plaintiff fails to state a plausible First-Amendment claim.

Furthermore, there is no federal constitutional right to be free from defamation or slander.

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally *guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996).

*Sonnier v. Roman Catholic Diocese of Lafayette*, No. 6:16-CV-1229, 2017 WL 778153, at *3 (W.D. La. Jan. 18, 2017); *Davis v. City of Aransas Pass*, No. 2:13-CV-363, 2014 WL 2112701, at *1 (S.D. Tex. May 20, 2014). Allegations of an injury solely to a plaintiff's reputation or character are insufficient to establish liability for civil rights violation under 42 U.S.C. § 1983. *See Paul v. Davis*, 424 U.S. 693, 711-12 (1976) (interest in reputation alone does not implicate a "liberty" or "property" interest sufficient to invoke due process protection under § 1983); *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (same); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (same); *see also Mowbray v.Cameron Cty., Tex.*, 274 F.3d 269, 277 (5th Cir. 2001).

Additionally, to the extent that Plaintiff's allegations of injury resulting from false communication could be liberally construed as proposing a state-law based claim of defamation under this court's diversity jurisdiction, no plausible claim is stated because it is clear on the face of the pleading that the applicable statute of limitations has run. In diversity actions, the statute of limitations of the forum state control. *See Bonham v. Weinraub*, 413 F. App'x 615, 616 (4th Cir. 2011) (stating that in a case "based on diversity of citizenship, the substantive law of the forum state is controlling" and noting that statutes of limitations are considered substantive); *Fiberlink Commc'ns Corp. v. Magarity*, 24 F. App'x 178, 181 (4th Cir. 2001) ("When exercising jurisdiction over claims arising under state law, federal courts look to the law of the forum state to determine the applicable statute of limitations). The forum state in this case is South Carolina because that is the state in which this court is located. *See Tech. Sec. Integrations, Inc. v. Philadelphia Indem. Ins. Co.*, No. 3:14-cv-01895-SB, 2015 WL 4603893, at * 4 (D. Ore. July 30, 2015) (Oregon is the forum state because that is where the district court is located); *Lee v. Oberbey*, No. 08-2115, 2009 WL 2386095, at *3 (W.D. Ark. July 31, 2009) (same; Arkansas). In South Carolina, a defamation action must be brought within two years of the publication of the

allegedly defamatory statement and there is no provision allowing for tolling of the statute pending discovery of the publication. *See* S.C. Code Ann. § 15-3-550; *Harris v. Tietex Int'l Ltd.*, 790 S.E.2d 411, 416 (S.C. Ct. App. 2016) ("The limitations period begins when the alleged defamatory statement is made, not when the plaintiff learns of the statement.") (citing *Jones v. City of Folly Beach*, 483 S.E.2d 770, 775 (S.C. Ct. App. 1997)). Here, Plaintiff alleges that the medical report of which she complains was filed in connection with her "2008 disability application," indicating that Plaintiff allowed the applicable statute of limitations to run by not filing her claim within two years of December 31, 2008[2] and waiting over eight years to file this action. Plaintiff provides no allegations that would excuse her late filing and no plausible defamation action is stated because of the running of the statute of limitations.

No other potential claims are evident on the face of the Complaint.

IV. Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25. Plaintiff's attention is directed to the important notice on the next page.

IT IS SO RECOMMENDED.

September 1, 2017  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2] Plaintiff does not allege the exact date on which the complained-of report was filed other than to say it was in connection with her 2008 disability application. The last day of 2008 is being used to give Plaintiff the greatest possible leeway for the beginning date for the running of the statute of limitations.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk  
United States District Court  
Post Office Box 2317  
Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).